IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY BURLEY, | § | |
| | § | |
| Defendant Below, | § | No. 172, 2024 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| DEUTSCHE BANK TRUST | § | C.A. No. 2017-0912 |
| COMPANY AMERICAS, AS | § | |
| TRUSTEE FOR RESIDENTIAL | § | |
| ACCREDIT LOANS, INC., | § | |
| MORTGAGE ASSET BACKED | § | |
| PASS-THROUGH | § | |
| CERTIFICATES, 2007-QS6, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2024
Decided: May 30, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On February 29, 2024, a Court of Chancery Magistrate issued an order, deemed a final report under Court of Chancery Rule 143, entering judgment in favor of the plaintiff below-appellee. In the order, the Magistrate advised the parties that exceptions could be filed under Rule 144. Defendant below-appellant Timothy Burley filed exceptions, which the parties are briefing in the Court of Chancery.

(2) On April 26, 2024, Burley filed a notice of appeal from the Magistrate's February 29, 2024 order in this Court. The Clerk's Office issued a notice directing Burley to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction to consider an appeal from a Magistrate's order that is not final under Court of Chancery Rule 144(c).

(3) In his response to the notice to show cause, Burley argues the merits of his case.[1] Burley does not address the jurisdictional defect.

(4) In the absence of a stipulation by the parties to submit their dispute to a Magistrate for final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacks jurisdiction to hear an appeal from a Magistrate's order.[2] Neither condition is satisfied here. The parties did not stipulate to submit their dispute to a Magistrate for a final decision, and the Court of Chancery has not entered an order adopting the Magistrate's February 29, 2024 order. In fact, the Court of

---

[1] Burley also states that he received the notice to show cause from Appellee's counsel, not the Court. The Court sent the notice to show cause, by certified mail, to the address Burley provided with his notice of appeal, but the notice to show cause was returned to the Court with the notation "return to sender, attempted—not known, unable to forward."

[2] *Appleby Apartments LP v. Appleby Apartments Assocs., L.P.*, 2024 WL 851809, at *2 (Del. Feb. 29, 2024) (holding that the Court lacked jurisdiction over an appeal from a Magistrate's order where the order had not been adopted by the Chancellor or a Vice Chancellor under Rule 144(c) and the parties had not stipulated to final adjudication of their matter by a Magistrate); *Timco v. Allied World*, 2023 WL 8739455, at *1 (Del. Dec. 18, 2023) (dismissing appeal from a Magistrate's order in matter in which there was no adoption of the Magistrate's order by the Chancellor or a Vice Chancellor under Rule 144(c) and there was no stipulation under 10 *Del. C.* § 350).

Chancery has not yet ruled upon Burley's exceptions to the Magistrate's February 29, 2024 order. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice